640

## JOHNSON v. WALCOTT.

No. 32832.  Oct. 29, 1946.

*173 P. 2d 921.*

McKinney & McKinney, of Oklahoma City, for plaintiff in error.

A. L. Beckett, Edward M. Box, and John D. Marks, all of Oklahoma City, for defendant in error.

DAVISON, J.  As a result of the run-off primary held July 23, 1946, Jimmie Johnson was the next day certified by the county election board of Oklahoma county to have received 94 more votes for nomination as Democratic candidate for the office of county weigher of said county than did his opponent, J. H. Walcott. The latter, on August 13, 1946, filed with the secretary of the county election board his written application for a recount.

Thereafter, a hearing was had on said application in one of the district court rooms in Oklahoma City at which District Judge Lewis R. Morris presided and both Walcott and Johnson were present. On the basis of evidence tending to establish such facts, said district judge in effect found that all ballots cast in the run-off primary in question had been preserved in the manner and by the officers prescribed by statute; that they were the identical ballots cast by the voters and that they had not been molested or tampered with.

Thereafter, the county election board proceeded to recount the ballots and therefrom determined on August 24th that Walcott had received 11 more votes than Johnson. Accordingly, said board issued Walcott a certificate dated August 26th of his nomination for the office.

By an order, a journal entry of which was filed in the office of the court clerk on August 27th, and given the number and style of a purported district court action entitled "Jim H. Walcott, Petitioner, vs. Jimmie Johnson, Respondent", the district court of Oklahoma county, still acting through Judge Morris, purported to approve and confirm as of August 24th, the action of the election board and to direct its issuance of his certificate of nomination.

Under the same style and number, Johnson, on September 4th, filed what he termed a motion to vacate said order on the ground, among others, that Walcott's application for the recount was not filed and served within the time prescribed by statute. In the prayer of the so-called motion, Johnson prayed the court that the order theretofore issued on the 24th day of August, 1946, be set aside and declared null and void and that the court issue an order to the county election board requiring said board to declare him the nominee for the office.

Upon a hearing of said motion and a motion to dismiss filed by Walcott on the ground that the court was without jurisdiction of the controversy, the court overruled Johnson's motion. He (Johnson) thereafter lodged the present appeal.

Both parties herein contend that the purported order of August 27th was void as being without authority of law, but for different reasons, as hereinbefore indicated. Our statutes governing such recounts are 26 O.S. 1941 §§171.1 and 391. The latter section reads in part as follows:

". . . No continuance shall ever be granted for such hearing for any purpose, and no appeal to or review by the court shall ever be taken or had from any final decision of the proper board so had governing any primary election.

"Contestee may have recount.—No appeal or review by court. . . . It is the intention and purpose of this act to prevent appeals or reviews of any kind or character and no court shall have jurisdiction of or authority to issue any enjoinder, proceeding, mandamus or process to inquire into, review or control the action of any election board pertaining to primary elections."

The above sections of the statute are clear, plain and unambiguous. They do not provide for a review of the decision of the election board by the district court, nor for an appeal from the district court to this court. On the other hand, they specifically prohibit such proceedings.

The motion to dismiss this appeal is hereby sustained.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur.